09-4731-ag
Weng v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand ten.

PRESENT:
ROGER J. MINER,
JOSEPH M. McLAUGHLIN,
JOSÉ A. CABRANES,
*Circuit Judges*.

——————————————————————————————

YUMING WENG,
*Petitioner*,

v.                                    09-4731-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
*Respondent*.

——————————————————————————————

FOR PETITIONER:        Dehai Zhang, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Greg D. Mack, Senior
                       Litigation Counsel; Shahrzad Baghai,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuming Weng, a native and citizen of the People's Republic of China, seeks review of a November 6, 2009 decision of the BIA affirming the February 8, 2008 decision of Immigration Judge ("IJ") Alan A. Vomacka denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuming Weng*, No. A094 824 790 (B.I.A. Nov. 6, 2009), *aff'g* No. A094 824 790 (Immig. Ct. N.Y. City Feb. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision, *i.e.*, minus the arguments for denying relief that the BIA explicitly declined to consider. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Here, because the BIA declined to review the IJ's adverse credibility determination, we assume, without determining, Weng's credibility. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). The

2

applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**I.        Weng's "Other Resistance" Claim**

Although Weng is not *per se* eligible for asylum based on his wife's forced abortion, *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007), he may qualify for relief by demonstrating that he: (1) engaged in "resistance" to a coercive population control program; and (2) suffered past persecution or has a well-founded fear of future persecution on account of such resistance.  8 U.S.C. § 1101(a)(42).

Contrary to the government's assertion that Weng waives any argument challenging the agency's determination that he established past persecution, he argues that the cumulative effect of the harm he endured constituted past persecution. However, the IJ considered Weng's allegations of harm in the aggregate and reasonably concluded that unfulfilled threats and a shove by family planning officials did not rise to the level of persecution.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (providing that in

3

order to constitute persecution, the alleged past harm must be sufficiently severe, rising above "mere harassment"); *see also Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (claims based on unfulfilled threats do not establish persecution). Moreover, despite Weng's argument that the IJ failed to consider the emotional harm he suffered as a result of his wife's forced abortion in evaluating the cumulative impact of the harm he endured, Weng did not raise the issue of emotional harm at any point before the IJ or the BIA. We therefore find no error in the IJ's determination that Weng failed to establish that he suffered past persecution. *See Ivanishvili*, 433 F.3d at 341. Weng explicitly declines to challenge the agency's finding that he failed to establish a well-founded fear of persecution based on his claim of other resistance.

**II.     Weng's Claim Based on his Wife's Future Pregnancy**

In addition to his claim based on his "other resistance" to the family planning policy, Weng argues that he established a well-founded fear of future persecution based on the possibility that his wife may one day become pregnant. Because Weng's claim depends on the *possibility* that his wife will become pregnant again, the agency reasonably determined

4

that any fear based on that possibility was not objectively reasonable. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that absent "solid support in the record" for the petitioner's assertion that he would be subjected to persecution his fear was "speculative at best"). Insofar as Weng challenges the agency's denial of his applications for withholding of removal and CAT relief based on this claim, the agency's finding that he was not eligible for asylum was dispositive. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**III.     Due Process Claim**

To the extent Weng argues that the BIA violated his due process rights by retroactively applying *Matter of J-S-*, 24 I. & N. Dec. 520 (AG 2008), to find that he was not *per se* eligible for relief based on his wife's forced abortion, the BIA reasonably applied the law in effect at the time it entered its decision. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *see also N.L.R.B. v. Coca-Cola Bottling Co.*, 55 F.3d 74, 78 (2d Cir. 1995) ("Appellate courts ordinarily apply the law in effect at the time of the appellate decision.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk